# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL PARKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15-CV-441 CAS |
| | ) |
| PFIZER, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on plaintiffs' motion to remand for lack of federal jurisdiction and defendant Pfizer, Inc.'s motion to dismiss for lack of personal jurisdiction, as to all plaintiffs except Paul Parker. The motions are fully briefed and ready for decision. For the following reasons, plaintiffs' motion to remand will be granted and this action will be remanded to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

## I. Background

In February 2015, sixteen individuals who are citizens of eleven different states (California, Illinois, Kentucky, Louisiana, Massachusetts, New York, Pennsylvania, Tennessee, Washington, Wisconsin and West Virginia) filed this action against defendant, a citizen of New York and Delaware, in the Circuit Court for the City of St. Louis. Plaintiffs allege that they, or their spouses or decedents, took Viagra, a medicine that treats erectile dysfunction, between 1998 and 2012 and were diagnosed with melanomas between 2005 and 2014. Plaintiffs allege that the use of Viagra put the users at an increased risk of skin cancer and caused them to develop melanoma. Plaintiffs allege that defendant "intentionally, recklessly, and/or negligently, advertised, promoted, marketed, sold, and/or distributed Viagra as a safe prescription medication when, in fact, defendant had reason

to know, and/or did know, that Viagra was not safe for its intended purposes, and that Viagra caused serious injury, including melanoma, and death." Pet. at 2, ¶ 4. The Petition contains the following eleven claims: negligence, strict liability; breach of express warranty; breach of implied warranty; fraudulent misrepresentation; fraudulent concealment; reckless and/or negligent misrepresentation and concealment; gross negligence; unjust enrichment; wrongful death; and loss of consortium.

On March 10, 2015, defendant filed a Notice of Removal, removing the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The same day, defendant filed its Motion to Dismiss, arguing the claims of the "Out-of-State Plaintiffs" (i.e., all plaintiffs other than plaintiff Paul Parker) should be dismissed for lack of personal jurisdiction.[1] The parties, however, are not completely diverse. One of the plaintiffs is citizen of New York, as is defendant. Despite the lack of complete diversity on the face of the petition, defendant states that federal diversity jurisdiction exits because the plaintiffs are procedurally misjoined.[2] Defendant also argues that the Court lacks personal jurisdiction over defendant for the out-of-state plaintiffs' claims, and urges the Court to address the threshold issue of personal jurisdiction prior to subject matter jurisdiction.

Plaintiffs move to remand the case to state court, asserting that pursuant to controlling case law, In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010), their claims have been properly joined and defendant's fraudulent misjoinder theory must be rejected. Plaintiffs

---

[1]Plaintiff Parker is an Illinois citizen. Defendant asserts that Mr. Parker is the "the only Plaintiff who alleges a connection between his claims and the State of Missouri, and thus the only Plaintiff who conceivably could establish personal jurisdiction over Pfizer in Missouri." Notice of Removal at 4, n.2.

[2]This opinion uses the term "fraudulent misjoinder," although defendant uses the term "procedural misjoinder." The two terms refer to the same doctrine, and the prior cases in this district that have discussed it generally use the term "fraudulent misjoinder."

2

further argue that the Court should address the straightforward issue of subject matter jurisdiction before addressing personal jurisdiction, which they assert is fact dependent.

## II. Discussion

As a general proposition, a federal court may not proceed in a case unless it has subject matter jurisdiction. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 164 (8th Cir. 2001). Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter jurisdiction "provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)). It is within the Court's discretion to determine whether to decide the issue of personal jurisdiction or subject matter jurisdiction first. Id. In this case, the Court finds that the issue of subject matter jurisdiction is a straightforward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry. Therefore, the Court will first take up the issue of subject matter jurisdiction.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). Thus, in a removed case, the removing defendant bears the burden of proving that all prerequisites to jurisdiction. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original

3

jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning v. Wal-Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity of citizenship are not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The diversity jurisdiction statute has been interpreted to require complete diversity of citizenship, which "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Here, defendant asserts that this case falls within the fraudulent misjoinder doctrine, which is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620 (citing 14B Charles Alan Wright, et al., Federal Practice and Procedure § 3723 at 788-89 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. (cited case omitted). Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Id. While the Eighth Circuit has acknowledged the fraudulent misjoinder doctrine, it has expressly declined to either adopt or reject it. Id. at 622.

In In re Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in the present case, the defendant manufacturers removed the case to

4

federal court, arguing the plaintiffs had fraudulently misjoined their claims. The In re Prempro defendants argued the plaintiffs' claims did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a), as the plaintiffs were citizens of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts and suffered different injuries. Id. at 618. The district court agreed with the defendant manufacturers that the plaintiffs' claims had been improperly joined under Rule 20.

After considering the Rule 20 joinder standards, the Eighth Circuit reversed, concluding the defendant manufacturers had not met their burden to establish that the plaintiffs' claims were egregiously misjoined. Despite the differences among the plaintiffs' claims, the Eighth Circuit concluded the claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." Id. at 623. The Eighth Circuit found several common questions of law and fact, including the causal link between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT drugs. The Court found that even if the fraudulent misjoinder doctrine were applicable, the plaintiffs' alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. Id. at 622.

The facts of this case are essentially indistinguishable from In re Prempro in all relevant respects. In both cases, "it is not clear that the joinder is so egregious and grossly improper under the broadly-interpreted joinder standards that it warrants an adoption and application of the fraudulent misjoinder doctrine." Id. at 624. On numerous occasions, this Court has concluded that the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims, and that remand is required. See, e.g., Polk v. Pfizer, Inc., 2015 WL 1976370 (E.D. Mo. May 1, 2015) (Lipitor); Hebron, et al. v. Abbvie Inc., No.

5

4:14-CV-1910 ERW (E.D. Mo. Dec. 18, 2014) (AndroGel); T.F. v. Pfizer, Inc., No. 4:12-CV-1221 CDP (E.D. Mo. July 23, 2012) (Zoloft); S.F. v. Pfizer, Inc., No. 4:12-CV-420 CEJ (E.D. Mo. April 4, 2012) (Zoloft); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia).

As alleged in the petition, the claims here all arise from injuries allegedly suffered by plaintiffs as a direct and proximate result of defendant's actions when it "intentionally, recklessly, and/or negligently, advertised, promoted, marketed, sold, and/or distributed Viagra as a safe prescription medication when, in fact, defendant had reason to know, and/or did know, that Viagra was not safe for its intended purposes[.]" Pet. at 2, ¶ 4. Plaintiffs claim that they or their spouses or decedents (1) were prescribed Viagra by their physicians, (2) took it as needed, and (3) the users subsequently developed melanoma after taking Viagra for a period of time. As in In re Prempro, common questions of law and fact are likely to arise in this case, including the causal link between Viagra and melanoma, whether defendant knew of the alleged danger of melanoma, and the terms of any express or implied warranties given by defendant. Because the plaintiffs all allege injuries arising out of the use of Viagra and the connection to melanoma, the Court cannot say plaintiffs' claims have no real connection to each other such that the joinder of any plaintiff in this action "is so egregious and grossly improper" that it constitutes misjoinder "bordering on a sham." In re Prempro, 591 F.3d at 624.

In support of the application of the doctrine of fraudulent misjoinder in this case, defendant cites In re Fosamax (Alendronate Sodium) Products Liability Litigation (No. II), 2012 WL 1118780 (D.N.J. Apr. 3, 2012), in which a New Jersey district judge concluded that the claims of ninety-one plaintiffs from twenty-eight different states alleging injury resulting from their ingestion of the drug

Fosamax and its generic equivalent were egregiously misjoined.[3] The court acknowledged the Eighth Circuit's holding in In re Prempro that the plaintiffs' claims in that case were not fraudulently misjoined, but distinguished the case before it from In re Prempro based on specific facts from which it concluded the plaintiffs "structured their complaint to defeat diversity jurisdiction" and that the joinder interfered with the court's "ability to administer th[e] case for pretrial purposes":

> Plaintiffs state allegations that are exceptionally vague, making it difficult for the Court to establish how the Plaintiffs share a connection, if any. Moreover, Plaintiffs are intentionally imprecise in naming defendants, which makes it impossible to determine whether some Plaintiffs truly are non-diverse from Defendants. Instead of permissive joinder functioning to promote judicial economy, Plaintiffs' joinder here "interferes with the court's ability to administer this case for pretrial purposes." In re Diet Drugs, 1999 WL 554584, at *5. Accordingly, the Court concludes that joinder was undertaken to thwart Defendants' statutory right of removal to federal court, and therefore, Plaintiffs' claims are fraudulently misjoined.

In re Fosamax, 2012 WL 1118780, at *5.

Defendant argues that the plaintiffs' joinder in this case was also done to avoid diversity jurisdiction. Unlike In re Fosamax, however, defendant does not contend that plaintiffs' allegations are so vague the Court cannot determine how the plaintiffs share a connection. As discussed above, there appear to be common questions of law and fact that connect the plaintiffs' claims in this case, and defendant has not convinced the Court that the joinder of any plaintiff is this action is "so egregious and grossly improper" that it constitutes misjoinder "bordering on a sham." In re Prempro, 591 F.3d at 624. In re Fosamax is further distinguishable because there is only one defendant in this case, so the New Jersey district court's concern over the plaintiffs' alleged intentional imprecision in naming the defendants is not applicable here. Defendant has not offered

---

[3]Like the present case, In re Fosamax was originally filed in the Circuit Court for the City of St. Louis. It was removed to this Court and then transferred to the District of New Jersey for coordinated and consolidated pretrial proceedings pursuant to an order of the Judicial Panel on Multidistrict Litigation. 2012 WL 1118780, at *1.

any persuasive reason for the Court to abandon its well-established precedent in this type of case, developed pursuant to the Eighth Circuit's In re Prempro decision, to follow the decision of a district court in another circuit, and the Court declines to do so.

**IV. Conclusion**

For the foregoing reasons, plaintiffs' claims are sufficiently related to support joinder in this case. Because defendant has not met its burden to demonstrate that there is complete diversity of citizenship between the plaintiffs and defendant or that this Court has jurisdiction over this case under 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over this case. Thus, this matter must be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**. [Doc. 15]

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss for Lack of Personal Jurisdiction as to All Plaintiffs Except Paul Parker is **DENIED** without prejudice as moot. [Doc. 6]

An appropriate Order of Remand will accompany this Memorandum and Order.

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this   30th    day of June, 2015.